UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, : | |
|     Prosecution : | |
| : | Case No. 3:09-cr-281 (VLB) |
| v. : | |
| : | November 7, 2011 |
| VICTOR PEREZ, : | |
|     Defendant : | |

## MEMORANDUM GRANTING THE GOVERNMENT'S MOTION IN LIMINE [Dkt. No. 159] TO PRECLUDE AND SUSTAINING THE GOVERNMENT'S OBJECTION TO EXPERT TESTIMONY

As to the Government's motion to preclude alibi testimony, disclosure of which has been requested repeatedly and most recently more than fourteen days ago, the motion is GRANTED as the Defendant has stated in his Opposition to the Motion that he has chosen not to offer alibi testimony. The Government's motion as it pertains to voice recognition testing is also GRANTED.

Trial for this matter was initially scheduled for July 15, 2011. Dkt. Nos. 94 & 97. On June 25, 2011, the defendant filed a Motion to Continue Jury Selection in which his second paragraph concludes "that a conspicuity and/or human factors expert may be necessary to testify for the defense about the ability of the undercover agent to actually see the firearm inside the van allegedly owned by the defendant." Dkt. No. 99. This was the first notice given by Mr. Perez that he intended to hire an expert.

On July 6, 2011, Mr. Perez made his first indication that it would be "necessary to examine the audio recording and typewritten transcripts of" an October 8, 2009 conversation which the government gave notice of its intent to

1

offer in its case in chief. Dkt. No. 116. The defendant represented that he had "reason to believe that some of the content of the transcripts attributed to Mr. Perez [are] inaccurate." Id. That motion was granted n July 7, 2011. The defendant was authorized to hire Sheila Butch of Scoping and Transcription Services to "provide a defense version of the . . . referenced audio recording." Id.

Furthermore, the defendant indicated on July 7, 2011 that he intended to hire an expert, Mr. Stuart Allen of the Legal Services Group, conduct voice analysis of the same audio recording. Dkt. No. 122. The Court authorized the retainer of a voice recognition expert on July 26, 2011 (Dkt. No. 136). By a motion dated July 7, 2011, the Defendant asked for a continuance to obtain a voice print analysis. Dkt. No. 122, ¶7. The Court continued the trial from July 15, 2011 to November 28, 2011 as requested to afford the defendant an opportunity to retain an expert to secure the voice print analysis, to obtain an expert opinion, to disclose its expert to the Government and to afford the Government an opportunity to test the methods of the Defendant's expert opinion.

On September 26, the Court ordered pretrial filings in anticipation of the November, 2011 trial. Dkt. No. 138. The parties were ordered to file trial binders with complete exhibits and list by October 25, 2011. On October 26, the defendant filed his binder with three empty tabs. Although his table of contents indicated a "transcript and voice print comparison by Stuart Allen" were to be included, they were nonetheless not supplied to the Court or the Government. Instead the defendant stated the analysis was "ongoing" and the Defense has yet to decide whether to use it.

**Pretrial discovery is governed by Federal Rule of Criminal Procedure 16. Section (b) specifically provides for disclosure of expert witnesses by "the defendant . . . at the government's request," including "a written summary of any testimony that the defendant intends to use" where "the defendant requests disclosure under subdivision (a)(1)(G) and the government complies." Fed.R. Crim. Proc. 16(b)(1)(C)(i).**

**To date, the Government has complied with its initial and continuing duties to disclose under Rule 16. Furthermore, the Government provided both an audio and written copy of the October 8, 2009 conversation upon defendants June 29, 2011 request on June 30, 2011. The Government most recently renewed its request for the disclosure of the expert's findings on October 12, 2011, just prior to filing the motion subject to this ruling. Dkt. No. 144. Mr. Perez has still not complied with these requests and has failed to state any reason for his failure to do so. For the reasons stated above, pursuant to Rule 16, the Court SUSTAINS the Government's objection to the preclusion of any expert voice recognition testimony.**

        **IT IS SO ORDERED.**

                /s/
        **Vanessa L. Bryant**
        **United States District Judge**

**Dated at Hartford, Connecticut: November 7, 2011.**